# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MORGAN STANLEY HIGH YIELD
SECURITIES INC.; MORGAN
STANLEY DEAN WITTER HIGH
INCOME ADVANTAGE TRUST;
MORGAN STANLEY DEAN WITTER
HIGH INCOME ADVANTAGE TRUST
ii; MORGAN STANLEY DEAN
WITTER HIGH INCOME ADVANTAGE
TRUST iii; MORGAN STANLEY
VARIABLE INVESTMENT SERIES;
MORGAN STANLEY DIVERSIFIED
INCOME TRUST; and MORGAN
STANLEY SELECT DIMENSIONS
INVESTMENT SERIES,

     Plaintiffs,

v.

HANS JECKLIN; CHRISTIANE
JECKLIN; GEORGE HAEBERLING;
JOHN TIPTON; SWISS LEISURE
GROUP AG; and JPC HOLDING AG,

     Defendants.

Case No. 2:05-cv-01364-LDG-LRL

**ORDER**

Defendants Hans Jecklin, Christiane Jecklin, Swiss Leisure Group AG ("SLG") and

JPC Holdings AG ("JPC" and, together with Hans Jecklin, Christiane Jecklin and JPC,

"Defendants") move to dismiss (#26) for lack of personal jurisdiction.  The Morgan Stanley

Plaintiffs oppose (#35).  At issue is whether Defendants' contacts with Nevada, as

1   residents of Switzerland, constitute the requisite minimum contact that would permit this

2   court to exercise personal jurisdiction over Defendants.  As Defendants purposefully

3   availed themselves of the privilege of conducting business in Nevada, the court finds that it

4   is appropriate to exercise personal jurisdiction.

5       In Personam Jurisdiction

6       A two-part test establishes whether the court has personal jurisdiction over a

7   nonresident defendant.  First, the plaintiff must show that the state's long-arm statute

8   confers personal jurisdiction over the nonresident.  If so, then application of the statute

9   must be consistent with federal due process.  *FDIC v. British-American Ins. Co., Ltd.,* 828

10  F.2d 1439, 1441 (9th Cir. 1987).  Nevada's long-arm statute, Nev. Rev. Stat. §14.065,

11  grants jurisdiction over out-of-state defendants if the cause of action arises from certain

12  enumerated acts, including transaction of business or tortious conduct within the state.

13  *Greenspun v. Del E. Webb Corp.,* 634 F.2d 1204, 1207 (9th Cir. 1980).  This statute has

14  been construed liberally, proscribed only by federal due process.  *Levinson v. Second*

15  *Judicial Dist. Court*, 742 P.2d 1024, 1025 (Nev. 1987).  Accordingly, as the state and

16  federal limits of jurisdiction are co-extensive, this court need not consider whether

17  Defendants' acts technically fall within the purview of the long-arm statute.  Rather, the

18  court must decide whether the exercise of personal jurisdiction would be consistent with the

19  requirements of federal due process.  *Gordy v. Daily News, L.P.*, 95 F.3d 829, 831 (9th Cir.

20  1996).

21      "Traditional notions of fair play and substantial justice" require that a defendant have

22  certain "minimum contacts" with a forum state before the defendant may be subject to the

23  court's jurisdiction.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Personal

24  jurisdiction may be either "general" or "specific."  *Helicopteros Nacionales de Colombia*

25  *S.A. v. Hall*, 466 U.S. 408, 414 nn. 8 - 9 (1984).

26

2

1   "For a defendant to be subject to general in personam jurisdiction, it must have such

2   continuous and systematic contacts with the forum that the exercise of jurisdiction does not

3   offend traditional notions of fair play and substantial justice." *Reebok Intern. Ltd. v.*

4   *McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995).  A defendant's activities in the forum must

5   establish the defendant as "present" in the forum state.  *Wells Fargo & Co.,* 556 F.2d at

6   413.

7   When a defendant's contacts do not invoke general jurisdiction, specific jurisdiction

8   may nevertheless be invoked if the defendant's contacts give rise to the cause of action

9   being asserted.  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  To establish that

10  specific jurisdiction comports with due process, a plaintiff must show: (1) that the

11  nonresident defendant purposefully availed itself of the privilege of conducting activities in

12  the forum, invoking the benefits and protections of its laws; (2) that the claim arises out of

13  the defendant's forum-related activities; and (3) that the exercise of jurisdiction is

14  reasonable.  *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th

15  Cir. 1990).

16  Even if the defendant's contacts render it subject to the forum's jurisdiction, the

17  assertion of general or specific jurisdiction must be reasonable.  *Amoco Egypt Oil Co. v.*

18  *Leonis Navigation Com., Inc.,* 1 F.3d 848, 851 (9th Cir. 1993).  In determining

19  reasonableness, the court considers seven factors.

20  (1) the extent of the defendants' purposeful interjection into the forum state's

21  affairs; (2) the burden on the defendant of defending in the forum; (3) the

22  extent of conflict with the sovereignty of the defendants' state; (4) the forum

23  state's interest in adjudicating the dispute; (5) the most efficient judicial

24  resolution of the controversy; (6) the importance of the forum to the plaintiff's

25  interest in convenient and effective relief; and (7) the existence of an

26  alternative forum.

1   *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements, Ltd.,* 328 F. 3d 1122, 1132 (9th

2   Cir. 2003).  No factor is dispositive in itself, and the court must balance all seven factors.

3   *Id.*

4          Finally, the court notes that the plaintiff has the burden of establishing that the court

5   has personal jurisdiction over the defendant.  *Ziegler v. Indian River County*, 64 F.3d 470,

6   473 (9th Cir. 1995).  While a plaintiff ultimately bears the burden of proving by a

7   preponderance of the evidence that jurisdiction is appropriate, on a motion to dismiss and

8   in the absence of an evidentiary hearing, a plaintiff must only make a prima facie showing

9   of jurisdictional facts.  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

10  Nevertheless, the court may properly consider written submissions by the parties, such as

11  deposition transcripts, declarations, and other evidence.  *Omeluk v. Langsten Slip &*

12  *Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir. 1995).

13         In this case, Morgan Stanley seeks to enforce a New York federal district court

14  judgment against Seven Circle Gaming Corporation ("SCGC") for default on a Note

15  Purchase Agreement by piercing the corporate veil of SCGC and holding Defendants, in

16  their individual capacities, liable for the Note Purchase Agreement.  Morgan Stanley

17  argues that Defendants' contacts meet the burden of both general and specific personal

18  jurisdiction in Nevada, and that Nevada's jurisdiction over Defendants is reasonable.

19  According to Morgan Stanley, Defendants purposely availed themselves of the privilege of

20  conducting activities in Nevada, and invoking the benefits and protections of Nevada's

21  laws, (1) by acquiring a Nevada gaming license, (2) by SLG and JPC's conducting

22  business in Nevada, (3) by way of the Jecklins' ownership of a home in Las Vegas for

23  personal use, and (4) based upon the Jeckilns' personal investment in the Resort at

24  Summerlin.

25         Defendants argue that their contacts with Nevada are not sufficient to invoke

26  jurisdiction because (1) they are protected by the fiduciary shield doctrine, (2) none of

4

1   them is present in the State of Nevada, and (3) they never conducted any personal

2   business in Nevada. Defendants argue that it would be an unreasonable burden on them,

3   as citizens of Switzerland, to litigate this dispute in Nevada.  Furthermore, they point out

4   that Switzerland will not recognize ultimately a judgment from Nevada, and because they

5   have no assets in Nevada, Morgan Stanley will have to bring its claims in Switzerland.

6         Specific Jurisdiction

7         The Plaintiffs have made a prima facie showing that this court has specific in

8   personam jurisdiction over the Defendants[1].  Both SLG and JPC were registered as doing

9   business in Nevada to aid in the development of SCGC and the Resort at Summerlin.

10  Even if, as the Defendants argue, SLG and JPC never conducted any business in Nevada

11  besides obtaining a license, voluntary compliance with a state's corporation law is a

12  contact which facilitates significant privileges for conducting activities within that state.

13  Furthermore, the business licenses, as well as Morgan Stanley's claims, arise out of

14  activities surrounding the Resort at Summerlin.  Therefore, the exercise of personal

15  jurisdiction over SLG and JPC is proper.

16        Exercising specific jurisdiction over Hans and Christiane Jecklin is also proper.

17  The Jecklins admit to having contacts with Nevada, but argue the fiduciary shield doctrine[2]

18  protects them from jurisdiction in Nevada because their contacts were exclusively on

19  behalf of SCGC.  However, owning a private residence in Nevada and making signifigant

20  ─────────────────

21        [1]The court does not address whether general jurisdiction exists over the Defendants
    because of the finding of specific jurisdiction.  However, the court notes that the
22  Defendants' contacts with Nevada from January 1998 to the time of filing, taken as a
    whole, appear to have been continuous and systematic.  *See Access Telecom, Inc. v. MCI*
23  *Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999) (concluding general jurisdiction should
    "be assessed by evaluating contacts of the defendant with the forum over a reasonable
24  number of years, up to the date the suit was filed").

25        [2]The fiduciary shield doctrine protects a corporate officer or employee from a court
    exercising personal jurisdiction over him for contacts obtained while acting on behalf of his
26  employer.  *See Pocahontas First Corp. v. Venture Planning Group, Inc.*, 572 F.Supp. 503,
    508 (D. Nev. 1983).

1  investments in The Resort at Summerlin , albeit through other companies, represent

2  significant personal contacts.  The Jecklins do not deny that they were the title-owners of

3  the home, or that they made personal use of it at times.  Indeed, even if the Jecklins

4  primarily conducted business out of the home, Morgan Stanely has presented sufficient

5  *prima facie* evidence that SCGC was Defendants' alter ego, which would lift the fiduciary

6  shield.  *See Hoag v. Sweetwater Int'l*, 857 F. Supp. 1420, 1426 (D. Nev. 1994) ("The

7  corporate form may be ignored, and jurisdiction over the individual officer allowed, in cases

8  in which the corporation is the agent or alter ego of the defendant").

9       <u>Reasonableness</u>

10       A majority of factors used to determine whether exercising personal jurisdiction is

11  reasonable favors asserting jurisdiction over the Defendants.  Defendants purposely

12  interjected themselves into activities in Nevada by, as demonstrated above, obtaining

13  business licenses and owning a home for personal use.  Regarding sovereignty

14  considerations, the presence or absence of a defendant's connections to the United States

15  is determinative.   *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993).

16  The presence of a subsidiary is also a significant consideration in evaluating sovereignty

17  concerns.  *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 129 (9th Cir. 1995).  Here,

18  Defendants do not dispute their connections to Nevada, including SCGC's location in Las

19  Vegas. The forum's interest in adjudicating the dispute and the most efficient judicial

20  resolution of the controversy favors exercising jurisdiction because Nevada has a

21  legitimate interest in litigating alter ego claims involving gambling entities, and its

22  experience with such entities can provide efficient judicial resolution of the controversy.

23  *See Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1021 (9th Cir. 2002) (as the

24  gambling center of the United States, Nevada has an expertise in resolving disputes

25  involving gambling entities).  Additionally, relevant witnesses and documents are located in

26  Nevada.  As to the convenience and effectiveness of relief available to Morgan Stanley,

1    litigating its claim in Switzerland, instead of Nevada, presents an obvious inconvenience,

2    although "this factor is not of paramount importance." *Harris Rutsky,* 328 F.3d at 1133.

3         The burden on Defendants of litigating in the forum and the existence of an

4    alternative forum weigh in Defendants' favor, although neither of these factors is

5    particularly significant.  Defendants' burden of traveling to Nevada is mitigated by the fact

6    that Defendants traveled to Nevada seven or eight times per year during the period

7    relevant to the suit.  *See Mirage Casino-Hotel v. Caram*, 762 F.Supp. 286, 289 (D. Nevada

8    1991) (holding Defendant's burden is relatively small because he traveled to Nevada an

9    average of six times per year).  Furthermore, "modern advances in communications and

10   transportation have significantly reduced the burden of litigating in another country." *Harris*

11   *Rutsky,* 328 F.3d at 1133.  Finally, while Switzerland appears to be an alternative forum,

12   the parties disagree whether Switzerland would recognize a judgment in this case.  In any

13   event, because Morgan Stanley intends to enforce a judgment in any forum where

14   Defendants' assets are located, Swiss recognition of the judgment is not controlling.  Nor

15   has there been any showing that Switzerland, or any other alternative forum, is more

16   reasonable than Nevada.

17        The most substantial factors favor a finding of reasonableness in asserting

18   jurisdiction.  *CE Distrib., LLC v. New Sensor Corp.,* 380 F.3d 1107, 1112-13 (9th Cir. 2004)

19   (finding that exercising jurisdiction is proper where a plurality of the factors favor

20   jurisdiction over the defendant).  Accordingly, for good cause shown,

21        THE COURT **ORDERS** that Defendants' Motion to Dismiss (#4) for lack of personal

22   jurisdiction is DENIED.

23   DATED this _28_ day of July, 2006.

24

25                                                        _____
                                                          Lloyd D. George
26                                                        United States District Judge

7