# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MORGAN STANLEY, et al.,

    Plaintiffs,

v.

HANS JECKLIN, et al.,

    Defendants.

2:05-cv-1364-LDG-LRL

**ORDER**

    Defendant John Tipton has filed a motion to dismiss (#25, opposition #37, reply #52). For the court to dismiss a complaint or claims pursuant to Rule 12(b)(6), "it must appear to a certainty that plaintiff would not be entitled to relief under any set of facts that could be proved." Rothman v. Vedder Park Mgt., 912 F.2d 315, 316 (9th Cir. 1990). Further, when considering a motion to dismiss, the court must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir. 1990).

    Count One of plaintiffs' complaint seeks a declaratory judgment that Tipton and other defendants are the alter-egos of Seven Circles Gaming Corporation ("SCGC") and its affiliate entities. Tipton argues that he has no liability under Nevada's alter ego doctrine because he had no ownership interest in the entities at the time or after plaintiffs and SCGC entered into the contract upon which the judgment underlying the present action was based. However, Nevada's 2001 codification of the alter ego liability standard cannot be so interpreted. NRS 78.747 enumerates three classes of individuals who may act as the alter ego of a corporation: stockholders, directors and officers. That directors and officers need not be stockholders to be alter egos is compelled by a plain reading of the statute. Morever, even before NRS 78.747 was enacted, the Nevada Supreme

Court ruled that "[a]lthough ownership of corporate shares is a strong factor favoring unity of ownership and interest, the absence of corporate ownership is not automatically a controlling event. Instead, the 'circumstances of each case' and the interests of justice control." LFC Marketing Group v. Loomis, 116 Nev. 896, 905, 8 P.3d 841, 847 (2000).

Tipton argues that LFC's holding is limited to "reverse veil piercing." The court disagrees. LFC's analysis was based on the test set forth in Polaris Indus. Corp. v. Kaplan, 103 Nev.598, 602, 747 P.2d 884, 887 (1987), which was a traditional veil-piercing case. Nor is there any indication in LFC that its "unity of interest and ownership" analysis is applicable only to "reverse veil piercing" situations. Tipton's motion to dismiss Count One will be denied.

Count Three alleges a claim for fraudulent conveyances under both Nevada and Delaware law. Tipton argues that this count does not allege that he received any of the disputed transfers up to the time SCGC and its affiliated entities closed their operations, and therefore fails to state a claim against whom a judgment can be taken under the Uniform Fraudulent Transfer Act, codified as NRS 112.220 and Del. Code Ann. § 1308(b)(1). Plaintiffs argue that Tipton falls within the judgment provisions of the UFTA under three theories: (1) Tipton was a "beneficial transferee" in that he knowingly directed and controlled the fraudulent transfer to a debtor that he dominated and controlled; (2) Tipton was the debtor's alter ego when the fraudulent transfer occurred; and (3) Tipton conspired to commit a fraudulent transfer.

The court will allow the claims against Tipton for fraudulent conveyance to remain at this time. While Delaware has apparently recognized liability under the UFTA based on a conspiracy to defraud, the court is not convinced that Nevada would do so. See Elliot v. Glushon, 390 F.2d 514 (9th Cir. 1967) (rejecting expansion of transferee concept under Bankruptcy Act based on conspiracy theory).[1] But, there is conceivably fraudulent transfer liability based on (1) the

---

[1] Elliot also indicates that "state law may well–where actual fraud was engaged in–allow a damage action in the nature of deceit against any conspirators." 390 F.2d at 517. In its present form, Count Three does not appear to assert such a claim.

2

1 allegations that Tipton was not only the alter ego of SCGC, but other entities to which funds were
2 allegedly transferred, and (2) the allegations that the Swiss and U.S. entities were operated as a
3 single economic unit.  See Gough v. Titus (In re Christian and Porter Aluminum Co.), 584 F.2d
4 326, 339 (9th Cir. 1978) (no voidable transfer where "there is nothing to indicate that any of the
5 corporate appellants had anything to do with the transfer of Bankrupt's assets").  Because the court
6 is not wedded to this assessment, however, it will deny the motion to dismiss Count Three without
7 prejudice at this time.  Therefore,

8     THE COURT HEREBY ORDERS that defendant Tipton's motion to dismiss (#25) is
9 DENIED without prejudice.

11     DATED this ___ day of March, 2007.

13     _____
    Lloyd D. George
14     United States District Judge