**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MORGAN STANLEY HIGH YIELD SECURITIES, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | 2:05-cv-01364-LDG-LRL ) ) |
| HANS JECKLIN, *et al.*, | **O R D E R** ) ) |
| Defendants. | ) ) |

Before the court are plaintiffs' Motion to Compel (#255) and defendants' Brief in Response to Order Granting Joint Submission of Documents for *In Camera* Review by United States Magistrate Judge (#244), both filed pursuant to the court's Order Granting Joint Motion for Submission of Documents for In Camera Review by United States Magistrate Judge (#253). Also before the court are twenty-five documents, submitted by the parties for the court's review.

**Background**

On March 30, 2009, the court granted plaintiffs' Motion to Compel (#123) after full briefing and a hearing on the matter. Order (#169). One aspect of the motion to compel concerned documents referred to there as "Swiss Documents." As argued by plaintiffs in their Motion (#123), Reply (#143), and during the November 25, 2008 hearing on the motion, Swiss Documents are those documents that concern communications that took place in Switzerland, between Swiss nationals and their Swiss lawyers, often in German, and that concern matters of Swiss law. Accordingly, it was argued the communications had a significant relationship to Switzerland, and thus the Swiss law of privilege should apply. Under Swiss privilege law, the documents must be disclosed.

Plaintiffs further noted that insofar as the communications did not have any nexus to the state of Nevada the application of Swiss privilege law would not offend this state's public policy.  Relying upon the foregoing description to formulate its ruling, the court ordered the Jecklin defendants to produce the Swiss Documents.  Order (#169) at 2.  The Jecklin defendants filed an Objection (#172) to Order (#169) on April 14, 2009.  On March 10, 2010, the presiding district judge issued an Order (#249) overruling the Objection (#172).

Thereafter, the Jecklin defendants went through their privilege log and determined that 507 pages of documents met the definition for Swiss Documents and served these on plaintiffs on April 5, 2010.  On April 6, 2010, plaintiffs sent a letter to the Jecklin defendants identifying for the first time what other specific documents they believed to be Swiss Documents.  The Jecklin defendants reviewed the additional documents and sent a letter to plaintiffs addressing why they believed certain documents were not Swiss Documents.  Exh. C to Brief (#244).   The parties, through letters and email, continued to narrow the list of disputed documents and agreed to a joint motion for *in camera* submission of twenty-five disputed documents.

The parties negotiated the details of the joint resolution and filed the Joint Motion for Submission of Documents *In Camera* Review by Unite States Magistrate Judge (#252) on May 10, 2010, through which the parties seek review of twenty-five documents.  The court granted the motion (#252) on May 12, 2010, and ordered each party to submit a four page brief.  Order (#253).  Accordingly, the Jecklin defendants filed a Response (#254) to the court's order (#253) and plaintiffs filed a brief styled as a Motion to Compel (#255).  The parties ask the court to determine which, if any, of the documents submitted for *in camera* review meet the definition of a "Swiss Document," such that they must be produced.

## Discussion

Mirroring plaintiffs' language in support of their Motion to Compel (#123), Reply (#143) and the hearing on the motion (#123), the court stated:

> The Swiss documents concern communications that took place in Switzerland, and

were between Swiss nationals and their Swiss lawyers. Inasmuch as the communications have no nexus to Nevada, the application of Swiss privilege law will not offend this state's public policy. Because the Swiss documents are in defendants' possession or are being held by in-house counsel, they are not protected by Swiss attorney-client privilege.  Accordingly, they must be disclosed.

Order (#169) at 2.

The twenty-five documents now before the court for *in camera* review do not strictly fit within the above description of a Swiss Document.  Several of the documents, for example, discuss United States law, United States attorneys, are to or from United States attorneys, or reference legal strategy with regard to legal actions within the United States.  None of these documents fits within the plaintiff's earlier, narrow analysis.  For most, but not all of the twenty-five documents submitted for the court's review, Swiss law was simply not the focus of the communication and therefore the documents cannot be identified as Swiss documents as that term was used by plaintiffs in connection with the motion to compel (#123).  That a document is not a Swiss Document does not, in itself, render it privileged and non-discoverable.

The following documents, though not "Swiss Documents," do not involve attorney-client communications or attorney work product.  They are not privileged and shall be disclosed without redaction: JECK0000048;  JECK0002158;   JECK0003419;  JECK0013765; JECK0014733;  JECK0014735;   JECK0014748;  JECK0014739- JECK0014741;   JECK0014751;  JECK0014152; JECK0014767;  JECK0014772;  JECK0016269;  JECK0017233-JECK0017234;   JECK0017264-JECK0017250;  JECK0017290-JECK0017291;   JECK0021390-JECK0021391;  JECK0028484-0028485;  JECK0028624.

The following documents also must be produced without redaction: JECK002484-JECK0028485; JECK0028624. These documents contain information concerning trademarks.  The Jecklin defendants have already produced similar documents concerning trademark issues in Europe and the United States.  *See* Exh. 19-20 to Mot. (#255).  Hence, as plaintiffs' argue, even if a privilege applies to these documents, that privilege has been waived.

The remaining documents are not producible.  They contain the advice, thoughts, and

1  impressions of counsel regarding legal matters within the United States and/or are between attorney
2  and client or between co-counsel and concern events that took place in the United States.  Several of
3  the documents are addressed to and/or from United States counsel or repeat the advice of United
4  States counsel.  The documents clearly are not Swiss Documents as that term has been defined.  The
5  information contained in the documents has an obvious nexus or "significant relationship" to the
6  United States and would be protected as privileged under federal and Nevada privilege law.  *See*
7  Restatement (Second) of Conflict of Laws § 187 cmt. e (1989).[1]

8      Accordingly, and for good cause shown,

9      IT IS ORDERED that plaintiffs' Motion to Compel (#255) is granted to the extent set forth
10 above.

11     DATED this 10th day of January, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiffs' earlier citation to the Restatement (Second) of Conflict of Laws in its Motion to Compel (#123), which places great emphasis on a determination of which state "has the most significant relationship with the communication," provides: "[I]n an international case where the great majority of the important contacts are with X, a State of the United States, but the communication occurs abroad, X would probably be the state of most significant relationship." Restatement (Second) of Conflict of Laws § 187 cmt. e (1989).

4