UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Morgan Stanley High Yield Securities Inc. et al.<br><br>Plaintiffs,<br><br>v.<br><br>Hans Jecklin et al.<br><br>Defendants. | Case No. 2:05-cv-01364-RFB-PAL<br><br>**ORDER** |

### I.    INTRODUCTION

Before the Court are Plaintiffs' Motion to Amend/Correct Judgment (ECF No. 621), Plaintiffs' Motion for Attorneys' Fees (ECF No. 622), Defendants' Motion for Re-Taxation of Costs (ECF No. 637), and Plaintiffs' Motion to Compel (ECF No. 640).

### II.    PROCEDURAL BACKGROUND

The Court filed its order entering judgment on March 31, 2019. ECF No. 613. The judgment was entered on April 2, 2019. ECF No. 614.

The Notice of Appeal as to, *inter alia*, the Court's order and judgment was filed April 30, 2019. ECF No. 618.   On May 8, 2019, the Ninth Circuit issued an order holding appellate proceedings in abeyance pending the Court's resolution of the pending motions. ECF No. 625.

The instant Motion to Amend/Correct 614 Judgment was filed April 30, 2019. ECF No. 621. Defendants JPC Holding AG, Hans Jecklin, and Swiss Leisure Group AG responded on May 14, 2019. ECF No. 627. Defendant Tipton responded on May 14, 2019. ECF No. 629. Plaintiffs replied on May 21, 2019. ECF No. 631.

The instant Motion for Attorney Fees was filed April 30, 2019. ECF No. 622. Defendants JPC Holding AG, Hans Jecklin, and Swiss Leisure Group AG responded on May 14, 2019. ECF No. 628. Plaintiffs replied on May 21, 2019. ECF No. 632.

The instant Motion for Re-Taxation of Costs was filed on July 8, 2019. ECF No. 637. Plaintiffs responded on July 22, 2019 and Defendants replied on July 29, 2019. ECF Nos. 638, 639.

Plaintiffs filed the instant Motion to Compel on August 19, 2019. ECF No. 640. Defendants responded on September 3, 2019 and Plaintiffs replied on September 10, 2019. ECF Nos. 641, 642.

A hearing on the motions was held on March 5, 2020. ECF No. 645.

### III.    FACTUAL BACKGROUND

This case is a veil-piercing action in which Plaintiffs sought to enforce a judgment against Defendants that was entered against Seven Circle Gaming Corporation ("SCGC") on December 18, 2003, in the United States District Court for the Southern District of New York. After an eight-day bench trial from April 30, 2018 to May 10, 2018, the Court entered judgment in favor of Plaintiffs on their fraudulent conveyance claims as to Defendants Hans Jecklin, Swiss Leisure Group AG ("SLG"), and JPC Holding AG ("JPC"). ECF No. 613 at 26. The Court issued declaratory judgment holding that Hans Jecklin, SLG, and JPC are legally alter egos of SCGC and can be held financially liable to Plaintiffs for debts incurred by SCGC, and awarded Plaintiffs "the full amount of the SDNY judgment, plus post-judgment interest, costs, and attorney's fees." Id. The Court also directed the Court to enter judgment in favor of Defendants Christiane Jecklin, John Tipton, and George Haeberling. Id.

The Court also granted Plaintiffs' Motion to Substitute Parties (ECF No. 529), holding that Plaintiffs Morgan Stanley Dean Witter High Income Advantage Trust, Morgan Stanley Dean Witter High Income Advantage Trust II, and Morgan Stanley Dean Witter High Income Advantage Trust III were stricken from the action, and Plaintiff Morgan Stanley High Yield Securities Inc. was replaced by Invesco High Yield Fund, Plaintiff Morgan Stanley Variable Investment Series was replaced by Invesco V.I. High Yield Fund, and Plaintiff Morgan Stanley Select Dimensions

1 Investment Series was replaced by Morgan Stanley Variable Insurance Fund, Inc. Core Plus Fixed
2 Income Portfolio. Id. at 17, 26.

### IV. LEGAL STANDARD

#### A. Alter or Amend a Judgment

Federal Rule of Civil Procedure 59 permits a party to file a motion to alter or amend a judgment no later than twenty-eight days after the entry of the judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). But the relief provided for is extraordinary and "should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell, 197 F.3d at 1255). The "four basic grounds upon which a Rule 59(e) motion may be granted [are]: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id.

Federal Rule of Civil Procedure 60(a) permits a court to "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."

"Rule 60(a) allows a court to clarify a judgment in order to correct a 'failure to memorialize part of its decision,' to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.' Garamendi v. Henin, 683 F.3d 1069, 1079 (9th Cir. 2012). The rule also "allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement." Id.

**B. Post-Judgment Interest**

28. U.S.C. § 1961 states:

(a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

The Ninth Circuit has interpreted 28 U.S.C. § 1961 to be mandatory, affording courts no discretion to equitably toll post judgment interest. See Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc., 665 F.3d 1091, 1102 (9th Cir. 2011) (citing 28 U.S.C. § 1961(a); Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 290 (9th Cir. 1995) ("Cubic argues in the alternative that postjudgment interest should be tolled because Cubic has been prevented, through no fault of its own, from paying the judgment after it was confirmed by the district court. This argument is foreclosed by the plain language of § 1961, which provides that '[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court' . . . . This language is mandatory, not discretionary . . . . The Ministry is therefore entitled to postjudgment interest.").

**C. Taxation of Costs**

28 U.S.C. § 1920 governs taxation of costs and allows a judge or clerk to tax costs as to:

1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Federal Rule of Civil Procedure 54(2)(1) governs costs and states, *inter alia*, that "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule (54)(d)(1) clearly creates a presumption that costs should be awarded to the prevailing party. <u>Berkla v. Corel Corp.</u>, 302 F.3d 909, 921(9th Cir. 2002).

The District of Nevada's Local Rule 54-12 further provides that "[a] motion to re-tax must specify the particular portion of the clerk's ruling to which the party objects, and only those portions of the clerk's ruling will be considered by the court. The motion to re-tax will be decided on the same papers and evidence submitted to the clerk." D. Nev. Civ. R. 54-12.

**V.     DISCUSSION**

**A.  Motion to Amend/Correct Judgment (ECF No. 621)**

Plaintiffs seek to amend the judgment in three ways. First, they seek to find Defendant Tipton liable to Plaintiffs for the full amount of the fraudulent transfers. Second, they seek to amend the judgment to reflect the substitution of the parties as ordered by the Court. Third, they seek to amend the judgment to expressly state the amount of the SDNY judgment and accrued interest.

*i.     Tipton's Liability*

Regarding Tipton's liability, Plaintiffs seek to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Plaintiffs argue that because the Court found that fraudulent transfers were made to Tipton as a quid pro quo for his assistance in Defendants' efforts to prevent Plaintiffs from recovering on the SDNY judgment, the Court negated any possibility that Tipton was a good faith recipient of the fraudulent transfers, and accordingly NRS § 112.220(2)(a) affords Plaintiffs a judgment in the amount of the fraudulent transfers against Tipton as the "first transferee of the asset or the person for whose benefit the transfer was made." But the order solely awarded relief against Defendants Hans Jecklin, SLG, and JPC. ECF No. 621 at 7. Therefore, because the judgment fails to provide the relief which Plaintiffs are entitled to receive, the judgment should be amended to hold Tipton liable for $189,050.43. <u>Id.</u>

1    Defendant Tipton responds that the Court's order provides for judgment in Tipton's favor against Plaintiffs. ECF No. 629. The order indicates that Plaintiffs were entitled to receive a judgment for the fraudulent transfers against Jecklin, SLG, and JPC and directed the Clerk of Court to enter judgment in favor of Tipton. Id. at 3-4. This order made Plaintiffs whole and was an appropriate exercise of the Court's equitable authority and discretion under the Uniform Fraudulent Transfer Act, which does not mandate judgment against a fraudulent transferee. Id. at 4. Given that Plaintiffs were awarded the amount of the fraudulent transfers plus many millions more, there is nothing wrong with the Court's order and is not an error that requires correcting. Id. at 4-5.

Plaintiffs reply that Tipton's reading of the order as being based on equitable authority contradicts the findings of fact and law. ECF No. 631 at 1. The Court's findings of fact and conclusions of law, which are devoid of discussion of a good faith exception or exercise of equitable authority, inevitably confer liability on Tipton for the fraudulent transfers. Id. at 2. Furthermore, Plaintiffs request the Court amend the judgment to hold Tipton joint and severally liable for the amount equal to the fraudulent transfers, not in addition to the judgment. Id.

The Court finds that there is no ground to award the "extraordinary" relief requested by Plaintiffs. The Court found in its order that though the transfer to Tipton constituted fraud in fact and constructive fraud, the statute does not mandate that judgment be entered against the first transferee of the asset or the person for whose benefit a fraudulent transfer was made. See NRS § 112.220(2)(a) (stating, "The judgment *may* be entered against . . . [t]he first transferee of the asset or the person for whose benefit the transfer was made . . . .") (emphasis added). Given the Court's finding that Tipton was not an alter ego of SCGC and that in any event "it would not be just" to hold Tipton accountable for SCGC's debts, this finding coupled with the statute's permissive structure does not give rise to a finding that there were manifest errors of law or fact upon which the judgment rests nor that it is necessary to prevent manifest injustice. The Court therefore denies the Motion to Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) to find Tipton liable to Plaintiffs for the full amount of the 3/8 and 7/16 fraudulent transfer.

   *ii.*  *Party Substitution*

1    Plaintiffs argue that though the Court granted Plaintiffs' Rule 25 motion that replaced
2 Plaintiffs accordingly, the case caption when the Clerk of Court entered the judgment reflected
3 only the original named Plaintiff and thus fails to reflect the Court's intent that judgment be entered
4 in favor of Plaintiffs Invesco High Yield Fund, Invesco V.I. High Yield Fund, and Morgan Stanley
5 Variable Insurance Fund, Inc. Core Plus Fixed Income Portfolio. ECF No. 621 at 8. Therefore,
6 judgment should be amended pursuant to FRCP 60(a) to reflect the substitution of these parties.
7 Id.
8    Defendants respond that they reiterate the points made in opposition to Plaintiffs' original
9 Motion to Substitute Parties (ECF No. 578) but do not expect the Court to change its decision.
10 They intend to address the motion on appeal and therefore reserve their arguments for that purpose.
11 ECF No. 627 at 3.
12    Given the Court's ruling in the order granting Plaintiffs' Motion to Substitute Parties
13 pursuant to Rule 25(c) of the Federal Rules of Civil Procedure and the Court's finding that "(1)
14 Plaintiff MSHYS is replaced by Invesco High Yield Fund; (2) Plaintiff MSVIS is replaced by
15 Invesco V.I. High Yield Fund; and (3) Plaintiff MSSDIS is replaced by Morgan Stanley Variable
16 Insurance Fund, Inc. Core Plus Fixed Income Portfolio," ECF No. 613 at 17, the Court grants the
17 Motion to Amend the Judgment pursuant to FRCP 60(a) to reflect the substitution of these parties.
18    *iii.    Post-Judgment Interest*
19    Plaintiffs note that in its order, the Court awarded the "full amount of the SDNY Judgment,
20 plus post-judgment interest, costs, and attorneys' fees," and the Court further held that the amount
21 of the judgment in the New York Litigation was $38,489,055 plus interest. ECF No 621 at 8.
22 However, the judgment itself does not state the amount of the SDNY Judgment and post-judgment
23 interest awarded by the Court, and Plaintiffs seek to amend the order to expressly state the amount
24 of the SDNY judgment and accrued interest. Id. at 8-9. Plaintiffs attached a proposed amended
25 judgment at Exhibit 1.
26    Defendants respond Plaintiffs' interpretation of the order and judgment—that "the full
27 amount of the SDNY judgment, plus post-judgment interest" refers to post-judgment on the SDNY
28 judgment and not the standard post-judgment interest that accrues on the Court's judgment

- 2 -

1 beginning April 2, 2019—is wrong. ECF No. 627 at 4. Defendants do not contest that Plaintiffs
2 are entitled to receive post-judgment interest beginning on April 2, 2019. Id. Alternatively,
3 Defendants state that even if Plaintiffs' interpretation is correct, FRCP 60(a) is not the appropriate
4 mechanism by which to alter the judgment, because the Clerk of Court did not make a clerical
5 error or mistake from "oversight or omission" in the amount of $8.5 million. Id. at 4-5.
6 Additionally, amending the judgment to add such a substantial amount would impact Defendants'
7 substantive rights because the parties haven't briefed the issue of whether Plaintiffs are entitled to
8 recover post-judgment interest on the SDNY judgment, or briefed the applicable rate or date it
9 should begin to accrue. Id. at 5. Finally, even if Plaintiffs' interpretation is correct, the amount
10 sought is disputed. Id.

11 Defendants also argue that Federal Rule of Civil Procedure 1 and equitable principles
12 warrant denial of the motion. Id. at 6. Plaintiffs do not explain why Defendants should be
13 responsible for post-judgment interest from 2003 through entry of judgment in 2019. Id.
14 Defendants additionally argue the Court should consider the effect of its own delay in adjudicating
15 the case. Id. at 7. Because the Defendants did not cause the case to continue over thirteen years, it
16 would be "manifestly unjust" to place the monetary impact of delays caused by the Court on
17 Defendants' shoulders. Id.

18 In reply, Plaintiffs note they defer to the Court whether post-judgment interest should
19 accrue starting December 18, 2003 when the SDNY Court handed down its decision or December
20 23, 2003 when the decision was entered on the docket. ECF No. 631 at 3 n.2. Plaintiffs argue the
21 Court's order awards interest, which is mandatory. Id. at 3 (quoting Barnard v. Theobald, 721 F.3d
22 1069, 1078 (9th Cir. 2013)). As for the amount of the interest, Plaintiffs argue the fault lies with
23 Defendants for being litigious. Id. at 4.

24 The Court will grant the motion to reflect the "'necessary implications' of [its] original
25 order and to 'ensure that the court's purpose is fully implemented." Garamendi, 683 F.3d at 1079.
26 The Court ordered judgment in the full amount of the SDNY judgment, plus post-judgment
27 interest, costs, and attorneys' fees. The Court intended the post-judgment interest to reflect the
28 interest from the time the SDNY judgment was entered, not its own judgment in the instant action,

as Defendants contend. To do so would undermine the Court's findings and render a result inconsistent with the mandate that post-judgment interest be awarded. Barnard, 721 F.3d at 1078 (citing 28 U.S.C. § 1961). This mandate undercuts Defendants' argument that equitable considerations prohibit an award of interest of such a substantial amount. As stated at the hearing, the Court finds that the post-judgment interest should accrue starting December 18, 2003, when the SDNY court delivered its decision.

### B. Plaintiffs' Motion for Attorneys' Fees (ECF No. 622)

Plaintiffs move for attorneys' fees pursuant to Rule 54 of the Federal Rules of Civil Procedure.

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007). The Ninth Circuit has found that, "for Erie Railroad Co. v. Tompkins purposes, state law on attorney's fees is substantive, so state law applies in diversity cases. '[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" Alaska Rent–A–Car, Inc. v. Avis Budget Grp., Inc., 709 F.3d 872, 886 (9th Cir. 2013) (alterations in original) (citation omitted). The Nevada Supreme Court has held that "In general, 'attorney's fees are not recoverable absent a statute, rule or contractual provision to the contrary.'" Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals, 971 P.2d 383, 388 (Nev. 1998) (quoting Rowland v. Lepire, 662 P.2d 1332, 1336 (1983)). Further, "[t]he decision to award attorney's fees is within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a manifest abuse of that discretion." Id.

Nevada's Uniform Fraudulent Transfer Act states that "In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in NRS 112.220, may obtain . . . [s]ubject to applicable principles of equity and in accordance with applicable rules of civil procedure . . . [a]ny other relief the circumstances may require." Nev. Rev. Stat. § 112.210.

1    Plaintiffs argue the Court's order and judgment explicitly awarded Plaintiffs attorneys'
2    fees, and the award was authorized by NRS § 112.210. ECF No. 622 at 4 (citing NRS § 112.210).
3    Plaintiffs argue an award is especially appropriate because of Defendants' conduct, which rendered
4    this action necessary when it otherwise should not have been. Id. at 4-5. Plaintiffs' counsel spent
5    over 30,000 hours on the case over thirteen years due in part to the complexity of the issues,
6    requiring a high degree of legal skill. Id. at 5. The time required was also a result of Defendants'
7    litigious and obstructive behavior. Id. at 5-6. Plaintiffs' counsel were foreclosed from other
8    opportunities during the course of litigation, which was particularly impactful because they offered
9    Plaintiffs a thirty percent discount on their billing rates. Id. at 7.

10   Defendants argue the American Rule applies and Plaintiffs have failed to demonstrate they
11   are entitled to fees. ECF No. 628 at 4. There is no agreement that allows for recovery, and no
12   statute; NRS 78.747 does not allow attorneys' fees and NRS 112.210 does not expressly award
13   fees. Id. at 5. Nevada law does not award fees when the text of a statute does not expressly
14   authorize them. Id. (citing Bobby Berosini, Ltd., 971 P.2d at 388). Defendants further argue that
15   other courts have declined to read the Uniform Fraudulent Transfer Act as awarding fees. Id. at 5-
16   6 (citing cases). Defendants also argue Plaintiffs cannot recover fees for litigating their alter ego
17   claims or unsuccessful claims because they are non-UFTA claims. Id. at 6. Plaintiffs have failed
18   to meet their burden of apportioning fees accordingly. Id.

19   Additionally, Defendants argue Plaintiffs have failed to meet their burden of establishing
20   the fees as reasonable under the method of calculating fees established by the Ninth Circuit. Id. at
21   7-10. There is no evidence of the qualities of the advocates, no actual billing records since the
22   summary does not detail the actual hours spent and fees incurred, no information about the work
23   performed and how fees were incurred, no evidence that the requested rates are in line with
24   prevailing market rates, no rationale for the duplicative use of New York and Nevada counsel and
25   whether travel time was included, and it would be inequitable and unreasonable for the Jecklin
26   Defendants to shoulder the entire burden of fees. Id. Defendants also argue Plaintiffs have failed
27   to establish that fees were incurred, id. at 10-11, and the motion failed to comply with Local Rule
28   54-14, id. at 11-12.

1    In reply, Plaintiffs state that whether the Uniform Fraudulent Transfer Act authorizes an
2 award of attorneys' fees is a matter of first impression in Nevada and ask the Court to find that it
3 does. ECF No. 632 at 3-4. Plaintiffs further argue the work on the claims is highly interconnected
4 with no practical way to separate out the fees incurred on any one claim or against any one
5 defendant. Id. at 4-5. Furthermore, because the Court has awarded substantially all of the relief
6 sought, Plaintiffs should be permitted to receive all of their fees. Id. at 5. Plaintiffs further argue
7 the fees are reasonable and that they will make their billing entries available if ordered, though it
8 would be unreasonable to require, given how long it would take. Id. at 5-7. Plaintiffs also say the
9 fees were incurred as evidenced by the declaration attached to their motion. Id. at 7. Plaintiffs also
10 argue their motion complies with Local Rule 54-14 because fees were billed at negotiated hourly
11 rates, not on a fixed or contingent rate, and they could not provide a brief summary of similar
12 awards because this is a matter of first impression. Id. at 8. Finally, they did submit a reasonable
13 description of counsel qualifications but will provide more if necessary. Id.

14    The Court finds that Plaintiffs are entitled to attorneys' fees. NRS 112.210(1)(c)(3) permits
15 courts to enter "any other relief the circumstances may require." This language was taken from the
16 Uniform Fraudulent Transfer Act, and while the Act does not provide explicitly for the award of
17 attorneys' fees, this provision "invites courts to consider themselves empowered to award
18 attorney's fees, punitive damages, or both. Courts in some states have accepted this invitation;
19 courts in other states have declined it." Kenneth C. Kettering, The Uniform Voidable Transactions
20 Act; or, the 2014 Amendments to the Uniform Fraudulent Transfer Act, 70 Bus. Law. 777, 788
21 (2015) (citing cases). This Court chooses to accept the invitation. As evidenced by the Court's
22 order, the circumstances in the instant action require an award of attorneys' fees, and the Court
23 therefore utilizes its authority provided by NRS 112.210(1)(c)(3) to grant the required relief. The
24 Court does not find that such fees are available in all cases under the Uniform Fraudulent Transfer
25 Act. Rather, the Court finds based upon the facts of this case, including but not limited to the fact
26 that Defendants forced this extensive litigation, that attorneys' fees represent "other relief" that
27 the "circumstances" require here under NRS 112.210.

28    Further, Defendants insistence that Plaintiffs are only entitled to fees for the claims upon

- 2 -

1  which they were successful is based on an inaccurate reading of the case law. In a case in which a
2  party is entitled to attorneys' fees *as a prevailing party on a particular claim*, the law permits
3  recovery of only those attorneys' fees incurred in developing that claim. Entm't Research Grp.,
4  Inc. v. Genesis Creative Grp., Inc., 122 F.3d 1211, 1230 (9th Cir. 1997) (citing Hensley v.
5  Eckerhart, 461 U.S. 424, 434–35 (1983)). Here, NRS 112.210 does not explicitly confer an award
6  of attorneys' fees; rather the Court has ordered that relief pursuant to its provision allowing "any
7  other relief the circumstances may require." Therefore, Defendants' argument that Plaintiffs may
8  only obtain fees incurred while litigating the Uniform Fraudulent Transfer Act claim is inapposite,
9  since the statute does not tie an entitlement to fees to the requirement that the party have prevailed
10 on a particular claim.

11 Yet even if the standard were to apply as Defendants assert, the Court finds that all of the
12 claims were so highly interconnected that distinguishing fees incurred as a result of work on the
13 prevailing claims, versus those claims upon which the Court ruled in Defendants' favor, is nearly
14 impossible. However, the fees incurred as a consequence of the time spent actually briefing the
15 separate claims are distinguishable. The Court will therefore require Plaintiffs to discount the time
16 spent briefing the alter ago claims by fifteen percent.

17 The Court therefore grants the Motion for Attorneys' Fees.

18

19 **C. Defendants' Motion for Re-Taxation of Costs (ECF No. 637)**

20 Defendants ask the Court to decline to tax the costs or alternatively, Defendants object to
21 $21,655.82 in costs taxed by the Clerk of Court. Defendants argue FRCP 54(d) does not obligate
22 the Court to award costs. ECF No. 637 at 2 (citing Crawford v. Gibbons, 482 U.S. 437, 442 (1987)).
23 They further argue the three Jecklin defendants should not be required to shoulder the burden of
24 costs and Plaintiffs have failed to show they were necessary. Id. at 3. There were six defendants
25 and Plaintiffs have failed to establish that they would have incurred the same costs if the three
26 remaining Jecklin Defendants were the only named defendants. Id. at 4. Defendants further argue
27 the videography costs should be denied in their entirety as unnecessary. Id. at 4. Further,
28 depositions of certain witnesses not offered by Plaintiffs at trial should be excluded. Id. at 5.

1  Defendants also assert that the Clerk incorrectly awarded more costs than requested for
2  exemplification and copies. Id. at 5-6.
3  Plaintiffs ask the Court to affirm the Clerk of Court's taxation of costs in the amount of
4  $60,287.98. Plaintiffs respond that the Court has already awarded costs in its order and Defendants
5  did not file a motion to amend the order or judgment and cannot do so now. ECF No. 638 at 4. The
6  question before the Court is whether the amount awarded was proper. Id.  Plaintiffs argue their
7  claims arose from a common set of key facts involving each named defendant and the costs would
8  have been incurred regardless if the Jecklin defendants were the only named defendants because
9  they would have deposed the other defendants in connection with their role, as evidenced by
10 Plaintiffs' reliance on the testimony from and documents created by the other defendants. Id. at 4-
11 5. Plaintiffs further argue 28 U.S.C. § 1920 does not require that a court award either printed or
12 electronically recorded transcripts and that it is reasonable to read the statute as allowing both, as
13 the Local Rules do. Id. at 5. Plaintiffs also argue they have met their burden establishing that a
14 duplicate copy by video was necessary because they submitted a declaration in support of their
15 Bill of Costs explaining that witnesses deposed were beyond the subpoena power of the district
16 and therefore transcripts were required to preserve their testimony and video recordings were
17 necessary to permit the fact finder to make credibility determinations. Id. at 6. Further, the Local
18 Rules allow for deposition costs whether taken solely for discovery. Id. As to the exemplification
19 and duplication costs, the Court should award them as set forth in Plaintiff's Bill of Costs because
20 there is no basis to object to the cost of a copy of Plaintiffs' trial exhibits submitted to the Court,
21 because they are taxable under Local Rule 54-6(a)(2) and Plaintiffs have supported their request
22 with copies pursuant to Local Rule 54-6(a)(1). Id. at 7. Plaintiffs' costs are supported by affidavit
23 as required and where they did not submit invoices it was because itemized invoices did not exist.
24 Id. The Mikesh Declaration satisfies the Local Rules and 28 U.S.C. § 1924 and Plaintiffs should
25 be awarded at a minimum, the $2,259.15 in costs sought for exemplification and photocopying
26 charges. Id.
27 In reply, Defendants reiterate their argument that costs should not be taxed at all. ECF No.
28 639 at 2-3. Defendants also assert that Plaintiffs have not indicated that both transcripts and

1  videotaped copies of depositions were necessary. Id. at 4. Additionally, Defendants argue Plaintiffs
2  have failed to establish the necessity of any deposition costs because they have not shown why
3  they were necessary to the prosecution of the specific claims against the Jecklin Defendants. Id.
4  Finally, Defendants note that the Clerk of Court denied costs for in-house copies for lack of
5  evidence and so Plaintiffs cannot re-tax them now. Id. at 5. They also argue Plaintiffs do not dispute
6  that the Clerk of Court awarded more than what Plaintiffs requested and the Court should award
7  at most $678.75. Id.

8  The Court has already ordered costs and will not amend its order. Defendants' argument
9  that they should not shoulder the burden of the costs is negated by the Court's finding that the
10 claims in this case were highly interrelated, and the Court is therefore persuaded by Plaintiffs'
11 argument that they would have sought to depose the same parties even if Defendants were the only
12 defendants in the action, and therefore would have incurred the same deposition costs.

13 Regarding the amount of costs taxed, the Court declines to reduce Plaintiffs' deposition
14 costs. Defendants' arguments are unavailing. The Local Rules permit the recovery of costs for
15 depositions whether taken solely for discovery or for use at trial, D. Nev. Civ. 54-4(a)(1), and the
16 Local Rules permit recovery for both the reasonable costs for videography as well as the cost of a
17 deposition transcript, id. at § (a)(1), (3). Further, Plaintiffs have adequately explained that both
18 videography and transcripts were necessary for defendants.

19 Regarding exemplification and copies costs, the Clerk of Court allowed $3,469.82 in costs
20 for trial exhibits substantiated by invoices attached to the Bill of Costs, though Plaintiffs requested
21 $2,259.15 total, and the Clerk of Court further found that the documentation regarding in-house
22 copies was insufficient to tax those costs. Plaintiffs indicated in the affidavit accompanying the
23 Bill of Costs that they solely sought to recover the costs for one set of their proposed trial exhibits
24 comprising 327 color pages and 3,435 black and white pages. ECF No. 623-1 at 5 n.3. It therefore
25 appears that the Clerk of Court miscalculated the costs taxed for exemplification and copies. Based
26 on Exhibits 2 and 3 attached to the Bill of Costs, the costs for color pages was fifty cents per page,
27 while the cost for black and white pages was ten[1] cents per page. Therefore, the Court taxes

---

[1] Plaintiffs state in their affidavit that the cost per black and white page was fifteen cents

- 2 -

1  exemplification costs in the amount of $343.50 for one set of black and white copies of Plaintiff's
2  trial exhibits, and $163.50 for one set of color copies of Plaintiff's trial exhibits. As the Clerk of
3  Court found there was no documentation to support the remaining costs, the Court decreases
4  Plaintiffs' exemplification and copies cost to $507.

5  The Court therefore grants the Motion for Re-Taxation of Costs in part and re-taxes
6  Plaintiffs' exemplification and copies cost to $507. Costs are taxed in the amount of 57,325.16.
7  The Court denies the motion as to Defendants' remaining objections.

### D.  Plaintiffs Motion to Compel (ECF No. 640)

Plaintiffs ask for an order compelling Defendants to respond to Plaintiffs' First Post-Judgment requests for production of documents and First Post-Judgment interrogatories, as well as reasonable expenses including attorneys' fees incurred in bringing the motion. ECF No. 640 at 1.

Federal courts have inherent power to enforce their judgments, without which "'the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.'" Peacock v. Thomas, 516 U.S. 349, 356 (1996) (citation omitted).

Rule 69(b) of the Federal Rules of Civil Procedure applies to money judgments and states that "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Federal Rule of Civil Procedure 26(b)(1) states that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."

The Ninth Circuit has defined a "money judgment" as having two elements: "(1) an identification of the parties for and against whom judgment is being entered, and (2) a definite and certain designation of the amount which plaintiff is owed by defendant." Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc., 665 F.3d 1091, 1101 (9th Cir. 2011).

---

but the invoice indicates it was ten cents. The Court bases its calculation on the invoice figure.

- 2 -

1    Plaintiffs argue Defendants have not responded and their objections violate their obligation
2 to provide post-judgment discovery under FRCP 69. Defendants object because Rule 69(a)(2)
3 applies only to money judgments and cite Ministry of Defense and Support for the Armed Forces
4 of the Islamic Republic of Iran v. Cubic Defense Systems, Inc., 665 F.3d 1091 (9th Cir. 2011).
5 ECF No. 640 at 5. Plaintiffs argue Cubic Defense supports their assertion that the judgment in this
6 case is a money judgment. Id. at 5-6. Further, Defendants' argument that the judgment does not
7 contain a sum certain does not justify refusal to comply with discovery requests and these
8 objections are baseless given the Court's ruling that Defendants are alter egos and therefore liable
9 for SCGC's debts. Id. at 6. Defendants also object that the "entities requesting discovery are not
10 the parties for whom judgment has been entered and/or are not identified on the Judgment." Id. at
11 6-7. Plaintiffs argue this willfully overlooks the Court's finding of fact and conclusions of law and
12 granting of Plaintiffs' motion to substitute parties. Id. Defendants also object that they have no
13 obligation to provide discovery because the Court lacks jurisdiction over them. Id. at 7. Plaintiffs
14 state the Court decided long ago it had personal jurisdiction over Defendants. Id. Whether
15 defendants may oppose enforcement of the judgment in Switzerland is dependent upon a ruling
16 from a Swiss court, and discovery is not dependent on any potential future findings. Id. at 7-8.
17 Furthermore, Plaintiffs seek information concerning assets where they are located. Id. at 8.
18 Defendants also object discovery requests are premature because of the pending Motion to Alter
19 or Amend Judgment. Id. Plaintiffs state Defendants rely on non-binding authority to support this
20 contention. Id.

21    Plaintiffs also argue they are entitled to attorneys' fees for having to bring this motion
22 pursuant to Rule 37 of the Federal Rules of Civil Procedure. They met and conferred in good faith
23 via telephonic conference and gave defense counsel one week to provide a reasonable proposal,
24 which was not forthcoming. Id. at 9-10. Additionally, Defendants' failure to respond is not
25 justified, and no other circumstances make an award of expenses unjust. Id. at 10-11.

26    Defendants respond the motion fails to comply with Local Rule 26-7(b) because Plaintiffs
27 failed to "set forth in full" the text of the discovery against Hans Jecklin and SLG and should be
28 denied. ECF No. 641 at 7. Defendants also assert the meet and confer was inadequate because it

1  was not made in good faith. Id. at 7-9. Defendants further argue discovery is not permitted because
2  the judgment is not a money judgment as it fails the Ninth Circuit test by failing to include an
3  identification of the parties for and against whom judgment is entered and a definite and certain
4  designation of the amount owed. Id. at 9-14. Plaintiffs' argument that the sum of the judgment is
5  readily discernible by looking at the amount of the SDNY judgment fails because the SDNY
6  judgment is not defined in the order or judgment. Id. at 12. Their argument also fails because the
7  three claims for relief were for declaratory judgment. Id. at 13. It further fails because a declaratory
8  judgment by itself does not establish monetary relief. Id. Defendants also imply in a footnote that
9  the judgment is void because they are Swiss citizens, continue to contest personal jurisdiction, and
10  have expressly stated they will oppose recognition and enforcement on any judgment in
11  Switzerland. Thus, if assets are located in Switzerland, the judgment would be void as to those
12  assets. Id. at 14 n.9. Regarding attorneys' fees, Defendants argue they are not appropriate because
13  the meet and confer was not made in good faith, and the motion was filed prematurely. Id. at 14.
14  Indeed, Defendants assert they should be awarded attorneys' fees if the motion is denied. Id.

15  In reply, Plaintiffs argue they have complied with the local rules because Defendants'
16  "willful and blanket failure to comply with Rule 26 'obviates the need to set for the text of
17  individual discovery requested.'" ECF No. 642 at 5 (quoting Eruchalu v. U.S. Bank, Nat. Ass'n,
18  2014 WL 4546800, at *3 (D. Nev. Sept. 12, 2014)). They can remedy their failure, if any, in the
19  reply and have done so through the attached exhibits. Id. at 5-6. They also assert meet and confer
20  was satisfied because they met in good faith though they need not have done so because the
21  requirement is waived due to Defendants' failure to respond to the discovery requests. Id. at 8
22  (citing Pickett v. Nevada Bd. Of Parole Comm'rs, 2012 WL 1376969, at *3 (D. Nev. Apr. 19,
23  2012)). Even assuming *arguendo* that Rule 26-7(c) was not fully satisfied, Plaintiffs argue the
24  Court should still address the motion because the responses clearly indicate an unwillingness to
25  engage in discovery. Id. They also reiterate that the judgment in conjunction with the order clearly
26  indicates who Plaintiffs are, id. at 8-9, and that the amount owed is definite because there has never
27  been any dispute as to the meaning of the phrase "SDNY Judgment," as evidenced in part by
28  Defendants own briefing in response to the Motion to Amend, in which they state the amount of

- 2 -

1  the SDNY judgment, id. at 10-11. Finally, they assert the judgment is a money judgment because
2  it awards Plaintiffs money they would have received. Id. at 11.

3  The Court grants the Motion to Compel. Rule 69 of the Federal Rules of Civil Procedure
4  affords judgment creditors or successors in interest the opportunity to obtain discovery as provided
5  in Rule 26(b)(1) and the terms of that rule are satisfied here. Only willful ignorance would lead
6  Defendants to make the arguments they have here, given the Court's order that detailed findings
7  of fact and conclusions of law which informed the judgment. Plaintiffs are clearly judgment
8  creditors. The Court's order granted the Motion to Substitute Parties and in doing so, identified
9  Plaintiffs. Moreover, it is clear that the judgment constitutes a "money judgment." As stated, the
10 judgment identifies the parties for against whom judgment is being entered when read in
11 conjunction with the order, which explicitly identifies Plaintiffs. Further, the amount is for "a
12 definite and certain designation of the amount which Plaintiff[s] are owed by Defendants[s]." The
13 Court awarded Plaintiffs "the full amount of the SDNY judgment, plus post-judgment interest,
14 costs, and attorney's fees." Simply because it did not explicitly indicate what the "full amount" is,
15 does not necessarily re-characterize the judgment. In the case Defendants cite to throughout their
16 brief, Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic
17 Def. Sys., Inc., the Ninth Circuit also considered a judgment that did not specify a dollar amount
18 of the arbitration award, yet found that because the definite and certain designation of the amount
19 owed was "readily discernible" by looking to the award in the underlying arbitration itself, it
20 satisfied the second prong of the "money judgment" definition. Here, as in Cubic, the judgment
21 does not explicitly state the full amount of the SDNY judgment, yet that amount is clearly "readily
22 discernible," as evidenced, *inter alia*, by the fact that Defendants themselves reference the amount
23 in the response to Plaintiff's Motion to Amend. That they now claim to not know the specific
24 figure of the SDNY judgment is not credible. Moreover, the Court has granted Plaintiffs' Motion
25 to Amend the judgment in part to reflect both Plaintiffs' names and the amount of the post
26 judgment interest. *A fortiori*, the judgment now and as amended is a money judgment.

27 The Court further finds that the Defendants are subject to this Court's jurisdiction. The
28 Defendants clear have subjected themselves to this jurisdiction through their participation in this

litigation, their business pursuits here in this forum, their residence in the jurisdiction during the relevant time period of this case and their alter ego status with respect to the relevant entities. See Boon Global Ltd. v. United States Dist. Court (In re Boon Global, Ltd.), 923 F.3d 643, 650 (9th Cir. 2019) ( "A party seeking to establish jurisdiction over a person or entity can either: (1) show each defendant's sufficient, direct contacts with the forum state, or (2) use the alter ego theory to 'extend personal jurisdiction to a foreign parent or subsidiary when, in actuality, the foreign entity is not really separate from its domestic affiliate.'")(internal citations omitted). The Court will address any issues regarding discovery requests that involve information solely contained in foreign jurisdictions as the issues specifically arise. The Court will not make a blanket ruling on all discovery requests at this time.

Therefore, the Court grants the Motion to Compel. The Court denies without prejudice the accompanying Motion for Attorney's Fees. Plaintiffs may renew the motion if Defendants continue to engage in obstructive conduct.

### VI.     CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion to Amend/Alter the Judgment (ECF No. 621) is **GRANTED** in part and **DENIED** in part. The Motion is **DENIED** as it pertains to altering the judgment to find Defendant Tipton liable to Plaintiffs. The Motion is **GRANTED** as to amending the judgment to reflect the substitution of the parties and the express amount of the SDNY judgment and accrued interest. The Court will issue an amended judgment.

**IT IS FURTHER ORDERED** that the Motion for Attorneys' Fees (ECF No. 622) is **GRANTED**. Plaintiffs shall file within thirty (30) days a proposed order that calculates the amount of fees based on the Court's instructions regarding the fifteen percent discount for fees incurred while briefing the alter ego claims.

**IT IS FURTHER ORDERED** that the Motion for Re-Taxation of Costs (ECF No. 637) is **GRANTED** in part and **DENIED** in part. Plaintiffs' exemplification and copies cost are re-taxed to $507 and total costs are taxed in the amount of $57,325.16. The Motion is DENIED as to Defendants' remaining objections.

1   **IT IS FURTHER ORDERED** that the Motion to Compel (ECF No. 640) is **GRANTED**.
2   The Court **DENIES** without prejudice the Motion for Attorneys' Fees.
3   **IT IS FURTHER ORDERED** that a Status Conference to assess discovery progress is set
4   for **July 1, 2020 at 10:30 a.m.** by videoconference. The parties shall contact the Court Deputy to
5   obtain connection details.
6   DATED: May 27, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**