1

2

3

4

5

6

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

\* \* \*

7

8

9

10

11

12

13

14

MORGAN STANLEY HIGH YIELD
SECURITIES INC., et al.,

        Plaintiffs,

    v.

HANS JECKLIN, CHRISTIANE JECKLIN,
GEORGE HAEBERLING, JOHN TIPTON,
SWISS LEISURE GROUP AG, AND JPC
HOLDING AG,

        Defendants.

Case No. 2:05-cv-1364-RFB-PAL

**ORDER ON SANCTIONS**

15

16

### I.     INTRODUCTION

17

18

19

Before this Court is Plaintiff's Supplemental Submission in Support of Motion for Sanctions against Defendants Hans Jecklin, Swiss Leisure Group AG ("SLG"), and JPC Holdings AG ("JPC") (collectively, the "Jecklin Defendants"). ECF No. 658.

20

### II.     BACKGROUND

21

22

23

24

25

26

27

28

The Court incorporates by reference the factual background from its May 28, 2020 Order. ECF No. 649. On March 31, 2019, the Court entered its Order: Findings of Fact and Conclusions of Law After Court Trial. ECF No. 613. On April 2, 2019, the Court entered a Judgment in a Civil Case. ECF No. 614. Plaintiffs then filed a Motion to Alter or Amend Judgment (ECF No. 621) and a Motion for Attorneys' Fees. ECF No. 622. Plaintiffs also filed a Motion to Compel Defendants to Respond to Post-Judgment Discovery. ECF No. 640. Defendants opposed the Motion to Compel. ECF No. 641. On May 28, 2020, the Court issued an Order granting the Motion to Compel, denied without prejudice the associated Motion for Attorney's Fees, and noted that "Plaintiffs may renew the motion [to compel] if Defendants continue to engage in obstructive

conduct." ECF No. 649 at 2. At a status conference on July 1, 2020 the Court issued an Order stating, "For the reasons stated on the record, it is ordered that Plaintiffs may file a supplement to their Motion for Sanctions relating to Defendants' failure to comply with post-judgment discovery." ECF No. 656. On July 15, 2020, Plaintiffs filed this instant Supplemental Motion for Sanctions. ECF No. 658. On July 22, 2020, Defendants filed an opposition. ECF No. 659. On July 29, 2020, Plaintiffs replied. ECF No. 660.

### III.   LEGAL STANDARD

#### a.   Rule 37 Sanctions

Fed. R. Civ. P. 37(a)(5)(A) provides:

> "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii)   other circumstances make an award of expenses unjust."

Local Rule 26-6 of the District of Nevada requires that all motions to compel "set forth in full the text of the discovery originally sought and any response to it." LR 26-6(b). The local rules further provide that discovery motions may not be considered unless the party moving to compel has made a good-faith effort to meet and confer and has included a declaration setting forth the details of the meet-and-confer conference about each disputed discovery request. LR 26-6(c).

#### b.   Attorneys' Fees and Costs

Courts use the Lodestar method to determine the amount of reasonable attorney fees to award in a civil rights case. To determine the Lodestar, the Court multiplies the number of hours reasonably expended on the case by the market rate "prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). The burden is on the fee applicant to produce evidence that demonstrates that the requested hours and hourly rates are reasonable. Id. Factors the Court may consider in reducing the number of hours reasonably expended include inadequate documentation,

overstaffing of the case, and the relative novelty and complexity of the issues raised. Cunningham v. County of Los Angeles, 879 F.2d 481, 484-85 (9th Cir. 1989) (citations omitted).

Once the Lodestar figure has been calculated, the Court then determines whether it is necessary to adjust this amount upwards or downwards based on the Kerr factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951, 48 L. Ed. 2d 195, 96 S. Ct. 1726 (1976). As the first five Kerr factors are subsumed by the Lodestar calculation, the later factors are the primary focus at this stage. Morales v. City of San Rafael, 96 F.3d 359, 364, n.9 (9th Cir. 1996).

### c.   Civil Contempt of Court under Fed. R. Civ. P. 37(b)(2)(A)

### i. Civil Contempt

The Ninth Circuit has held that "belated compliance with discovery orders does not preclude the imposition of sanctions." Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam)). Under FRCP 37(b), if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), then the court where the action is pending may issue "further just orders," and may "[treat] as contempt of court the failure to obey any order..." Fed. R. Civ. P. 37(b)(2)(A)(vii).

"A court has wide latitude in determining whether there has been contemptuous defiance of its order." Gifford v. Heckler, 741 F.2d 263, 266 (9th Cir. 1984). The moving party shares the burden of showing by clear and convincing evidence that the nonmoving party violated a "specific and definite order of the court." Fed. Trade Comm'n v. Enforma Nat. Prods., Inc., 362 F.3d 1204, 1211 (9th Cir. 2004). If the moving party meets this burden, then it shifts to the nonmoving party to show why they were not able to comply. Id. Civil contempt does not require willfulness, and a party should not be held in contempt if their actions "appears to be based on good faith and a reasonable interpretation of the court's order. In re Dual–Deck Video Cassette Recorder Antitrust

Litig., 10 F.3d 693, 695 (9th Cir. 1993). A party should also not be held in contempt if they have taken "all reasonable steps" to comply with the court's order. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1479 (9th Cir. 1992).

### ii. Imposition of Fines for Civil Contempt

If a Court makes a finding of contempt, the Court may seek an appropriate remedy for compliance with the Court's order. To determine this, "…the court should consider the 'character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction.'" Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986) (quoting United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947) ("[I]n fixing the amount of a fine to be imposed as a punishment or as a means of securing future compliance, consider the amount of defendant's financial resources and the consequent seriousness of the burden to that particular defendant.")). The Ninth Circuit has upheld a civil contempt sanction of $10,000 a day because the district court had no evidence to the contemnor's financial position when it refused to comply with discovery orders. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1481-82 (9th Cir. 1992).

### d.   Warrant for Arrest

Pertaining to recalcitrant witnesses, 28 U.S.C. § 1826(a) states:

> "Whenever a witness in any proceeding before or ancillary to any court . . . of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information."

## IV.   DISCUSSION

### a.   Rule 37 Sanctions for Attorney's Fees for Motion to Compel

On May 28, 2020, the Court issued an Order granting the Motion to Compel, denied without prejudice the associated Motion for Attorney's Fees, and noted that "Plaintiffs may renew the motion [to compel] if Defendants continue to engage in obstructive conduct." ECF No. 649 at 2. At a status conference on July 1, 2020 the Court issued an Order stating, "For the reasons stated on the record, it is ordered that Plaintiffs may file a supplement to their Motion for Sanctions

relating to Defendants' failure to comply with post-judgment discovery." ECF No. 656.

Plaintiffs argue that the Jecklin Defendants' delay responding to discovery requests and Defendants' counsel's statement at the status conference that the client would not comply with the Court's Order compelling discovery because they do not accept jurisdiction as being "no greater act of obstructive conduct." ECF No. 658 at 3. Plaintiffs thus request that the Court award Plaintiffs $29,962 in attorneys' fees (approximately 60.9 hours at a blended rate of approximately $492 per hour) relating to their work on the Motion to Compel and Reply, appearing for oral argument in the Motion to Compel, and appearing for the July 1 discovery conference.

Defendants claim that their nondisclosure is justified because the Jecklin Defendants, as Swiss citizens, "continue to contest personal jurisdiction in this case and have expressly stated that they will oppose recognition and enforcement of any judgment in Switzerland." ECF No. 659 at 6. They also argue that the post-judgment discovery does not explain how it assists Plaintiffs in collecting on its judgment in Switzerland. Defendants also assert that Plaintiffs failed to procedurally establish the reasonableness of the fees by not providing an explanation of the blended rate or the attorneys' experience, reputation, and abilities.

The Court finds that sanctions in the form of awarding Plaintiffs attorneys' fees incurred with the Motion to Compel shall be imposed. As the Court stated in its May 28, 2020 Order, the Plaintiffs are judgment creditors, Plaintiffs met and conferred with Defendants in good faith, Defendants' failure to respond to Plaintiffs' discovery is not justified, and Fed. R. Civ. P. 69(b) allows judgment creditors like the Plaintiffs here to obtain post-judgment discovery to aid in the execution of a judgment. ECF No. 649 at 15-17. The Court has long ago established that Defendants are subject to this Court's jurisdiction, yet Defendants repeatedly express to the Court, such as during the July 1, 2020 status conference and the Response to this instant Motion for Sanctions, that they reject the Court's jurisdiction over them and will not comply with the Court's Order. The Court finds that Defendants' conduct is in violation of Fed. R. Civ. P. 37.

The Court also finds that $29,962 in fees to Plaintiff is reasonable given the quality of representation in the Motion to Compel, complexity of the litigation, and the other factors that Courts are required to consider as it relates to attorney's fees and costs. Defendants claim that Plaintiffs fail to provide information about the reputation and ability of the attorneys, and that it is not clear if "Anjanique M. Watt" is an attorney. However, as cited by the Plaintiffs, their prior Motions for Attorneys' Fees in this case (ECF Nos. 622 & 632) provide information about

1   Plaintiffs' skills and reputation, including documentation of Anjanique M. Watt as a fee earner for

2   Plaintiffs' counsel and associated declaration from Jean-Marie L. Atamian. ECF No. 622, Exhibit

3   1. The Court finds that the blended rate for $492 an hour is reasonable, and that Plaintiffs provided

4   adequate documentation.

5              **b.   Civil Contempt of Court under Fed. R. Civ. P. 37(b)(2)**

                            **i. Civil Contempt**

6              Plaintiffs request that the Court hold the Defendants in civil contempt of the Court's May

7   28, 2020 Order and fining them $1,000 per day, to be paid to the Clerk of Court, until such time

8   as the Jecklin Defendants comply with the Court's May 28, 2020 Order, together with such other

9   relief as the Court may deem just and proper.

10             Defendants argue that the Plaintiffs failed to show clear and convincing evidence that a

11  specific and definite court order has been violated because the Court has not decided on discovery

12  requests regarding information held in Switzerland. Further, Defendants argue that the Jecklin

13  Defendants are entitled to notice and an opportunity to be heard before granting civil contempt.

14             The Court finds the Jecklin Defendants in civil contempt of the Court. The Court granted

15  Plaintiff's Motion to Compel, so there is a specific and definite order of the court which would

16  justify a finding of contempt. ECF No. 649. Defendants also had notice and an opportunity to be

17  heard in their Opposition. This is also not the first time the Court has warned Defendants about

18  possible sanctions, albeit for other conduct. ECF Nos. 434, 643. Further, Defendants announced

19  at the status conference that, "My clients have stated to me that they are not going to comply with

20  the Court order compelling discovery because they do not accept jurisdiction of this Court and

21  they consider Your Honor's decision not to be enforceable in Switzerland." ECF No. 661 at 6.

22  Defendants are willfully disregarding the Court, and the Jecklin Defendants shall be held in civil

    contempt.

23                    **ii. Imposition of Fines for Civil Contempt**

24             Plaintiffs argue that federal courts routinely assess fines of $1,000 per day when faced with

25  a failure to comply with discovery orders, and that this fine would be most appropriate to compel

26  Defendants' compliance. Defendants argue that the purpose of civil contempt is to coerce, not to

    punish, and so any request to punish must be denied.

27             The Court finds that imposition of a fine to compel compliance is warranted. In their

28  opposition, Defendants offered no evidence to suggest that the proposed sanction of $1,000 per

day until compliance is excessive. Defendants have also expressed to the Court that they will not comply with the May 28, 2020 Order. Therefore, Defendants will be assessed $1,000 per day from the date of this order until they have provided responses to the post-judgment discovery requests propounded by Plaintiffs. The contempt sanctions are payable into the registry of the Clerk of the Court of this district until those conditions are satisfied.

### c.   Warrant for Arrest

Plaintiffs cite to 28 U.S.C. § 1826 (Recalcitrant Witnesses) and request that the Court issue a warrant for the arrest of Hans Jecklin, at such time as he can be found in the United States and until such time that the Jecklin Defendants comply with the May 28, 2020 Order or Mr. Jecklin has been confined for 18 months, whichever is earlier.

Defendants argue that 28 U.S.C. § 1826 applies only to cases where the witness is testifying and does not apply to post-judgment discovery. Defendants also assert that the Jecklin Defendants reserve the right to request a jury trial, the right to counsel, the right to confront witnesses against them, and demand the presumption of innocence.

In their reply, Plaintiffs argue that the Jecklin Defendants are mischaracterizing Plaintiff's request as a criminal penalty for indirect contempt when they request is an order to be issued for Mr. Jecklin if he comes to the United States and continues to defy this Court's order. Plaintiffs assert that their request is for Mr. Jecklin to be ordered confined until he obeys this Court's order to provide post-judgment discovery.

The Court finds that the Jecklin Defendants' pattern of disregarding the Court's Order supports the coercive sanction of arrest. Defendants were on notice that there was the possibility of civil sanctions if there was a continued disregard for the Court's Order. As stated in the May 28, 2020 Order, Defendants have subjected themselves to this jurisdiction through their participation in this litigation, their business pursuits here in this forum, their residence in the jurisdiction during the relevant time period of this case and their alter ego status with respect to the relevant entities. ECF No. 649. The order of this court for civil contempt, and sanctions under 28 U.S.C. § 1826(a) are available. See Danning v. Lavine, 572 F.2d 1386, 1389-90 (9th Cir. 1978) ("We acknowledge that if during the course of discovery in aid of execution on the judgment, Fed. R. Civ. P. 69(a), appellant had refused to disclose the identity of the person who received the proceeds, a contempt order [under 28 U.S.C. § 1826(a)] compelling her to answer might be proper."). The Court finds, based upon the record, that Hans Jecklin is in possession of information

and documents that are the subject of this Court's May 28, 2020 Order related to post-judgment discovery. The Court further finds that Hans Jecklin has specifically remained outside of the territorial jurisdiction of the United States to avoid his legal obligations in the case before this Court. He has indeed confirmed this through his attorney by indicating he would no longer subject himself to this Court's jurisdiction. Therefore, an arrest warrant shall be issued for Hans Jecklin, and if he is in the United States, he shall be detained until he purges himself of his civil contempt. Upon such arrest, he shall be forthwith brought before this Court to address his contempt. This arrest is intended to be coercive and not punitive.

## V.      CONCLUSION

**IT IS ORDERED** that Plaintiff's Supplemental Submission in Support of Motion for Sanctions in granted. ECF No. 658. Plaintiffs are awarded $29,962.00 in attorney's fees with respect to the Motion to Compel.

**THE COURT FINDS** that the Jecklin Defendants in civil contempt. Defendants will be assessed $1,000 per day from the date of this order until they have provided responses to the post-judgment discovery requests propounded by Plaintiffs. The contempt sanctions are payable into the registry of the Clerk of the Court of this district until those conditions are satisfied.

**IT IS FURTHER ORDERED** that the Clerk of the Court issue an arrest warrant for Hans Jecklin. He shall be detained until he purges himself of his civil contempt.

**DATED**: <u>March 31, 2021</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**