UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MORGAN STANLEY HIGH YIELD SECURITIES INC., et al., | Case No. 2:05-cv-01364-RFB-PAL |
| Plaintiffs, | **ORDER AWARDING ATTORNEY'S FEES** |
| vs. | |
| HANS JECKLIN, CHRISTIANE JECKLIN, GEORGE HAEBERLING, JOHN TIPTON, SWISS LEISURE GROUP AG, AND JPC HOLDING AG, | |
| Defendants. | |

**I.     INTRODUCTION**

Before the Court is Plaintiff's Motion for Attorney Fees. ECF No. 622.

**II.    BACKGROUND**

On April 30, 2019, Plaintiffs Invesco High Yield Fund, et al., moved this Court for an Order awarding attorney's fees in favor of Plaintiffs against Defendants Hans Jecklin, Swiss Leisure Group AG ("SLG"), and JPC Holding AG ("JPC") pursuant to the Court's Order (ECF No. 613) entered March 31, 2019. ECF No. 622. On May 14, 2019, Defendants Hans Jecklin, SLG, and JPC filed a response in opposition to Plaintiffs' Motion for Attorney's Fees. ECF No. 628. On May 21, 2019, Plaintiffs filed a reply. ECF No. 632. On March 5, 2020, the Court held a hearing addressing, *inter alia*, Plaintiffs' Motion for Attorney's Fees. ECF Nos. 645, 648.

On May 28, 2020, the Court entered an Order ("May 2020 Order"), *inter alia*, granting Plaintiffs' Motion for Attorney's Fees. ECF No. 649. The Court directed Plaintiffs to file within 30 days a proposed order that calculates the amount of fees based on the Court's instructions

regarding the fifteen percent discount for fees incurred while briefing Plaintiffs' alter ego claims. Id.

Based on the May 2020 Order, Plaintiffs submitted a Notice with a proposed order on June 16, 2020 that calculates the amount of fees regarding the fifteen percent discount for fees incurred while briefing Plaintiffs' alter ego claims. ECF No. 650. On June 19, 2020, Defendants filed a response with the following three objections: (1) Objection to the Exhibit styled "Summary of Discounted Fees Pursuant to Dkt. 649," (2) Objection to the addition of language in the Proposed Order that was not requested by motion; and (3) Objections to the form of the papers submitted. ECF No. 651. Defendants further stated that arguments previously raised in their opposition to Plaintiff's Motion for Attorney's Fees (ECF No. 628) were incorporated and not waived.

### III. LEGAL STANDARD

#### a. Authentication of Exhibits

Authentication is a "condition precedent to admissibility." Orr v. Bank of Am. NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). Proper foundation may be established through any manner permitted by Federal Rule of Evidence 901(b) or 902.

#### b. Joint and Several Liability

Joint and several liability applies "when there has been judgment against multiple defendants." McDermott, Inc. v. AmClyde, 511 U.S. 202, 220-221 (1994). The Restatement (Second) of Torts § 875 (1979) states that joint and several liability for a single, indivisible injury can occur when "each of two or more persons whose tortious conduct is a legal cause of a single and indivisible harm to the injured party is subject to liability to the injured party for the entire harm."

NRS 78.747: "Liability of another person for debt or liability of corporation" provides:

   1. Except as otherwise specifically provided by statute or agreement, no person other than a corporation is individually liable for a debt or liability of the corporation unless the person acts as the alter ego of the corporation.
   2. A person acts as the alter ego of a corporation only if:
      (a) The corporation is influenced and governed by the person;
      (b) There is such unity of interest and ownership that the corporation and the person are inseparable from each other; and
      (c) Adherence to the notion of the corporation being an entity separate from the person would sanction fraud or promote a manifest injustice.

3. The question of whether a person acts as the alter ego of a corporation must be determined by the court as a matter of law.

### c. District of Nevada Local Rules IA 10-1, IA 10-2

LR IA 10-1: "Form of Papers Generally" states:

(a) All filed documents must comply with the following requirements:
    (1) Except for exhibits, quotations, the caption, the court title, and the name of the case, lines of text must be double-spaced. Lines of text must be numbered consecutively beginning with 1 on the left margin of each page with no more than 28 lines per page;
    (2) Handwriting must be legible and on only one side of each page;
    (3) Text must be size 12 font or larger;
    (4) Quotations longer than 50 words must be indented and single spaced;
    (5) All pages must be numbered consecutively; and
    (6) Margins must be at least one inch on all four sides.

(b) Documents filed electronically must be filed in a searchable Portable Document Format (PDF), except that exhibits and attachments to a filed document that cannot be imaged in a searchable format may be scanned.
(c) Documents filed manually must be flat, unfolded, firmly bound together at the top, and on 8 ½" x 11" paper.
(d) The court may strike any document that does not conform to an applicable provision of these rules or any Federal Rule of Civil or Criminal Procedure.

LR IA 10-2: "Required Format for Filed Documents" states:

The first page of every document presented for filing must contain the following information in this format, with the attorney or pro se party's name beginning at least one inch below the top of the page:

    [If the party is represented by counsel:]
    Attorney's name
    Attorney's Nevada State Bar number
    Attorney's address
    Attorney's phone number
    Attorney's email address
    Name of party/parties attorney represents

### IV. ANALYSIS

#### a. Authentication of Exhibits

In Plaintiffs' Notice, they include Exhibit 2 (which is Exhibit 3 in the docket) entitled "Summary of Discounted Fees Pursuant to Dkt. 649." ECF No. 650. The filing states, "To comply

with Your Honor's instruction that attorney's fees incurred while briefing Plaintiffs' alter ego claims be discounted by fifteen percent, we have prepared a revised version of Exhibit 1 to the Declaration of Jean-Marie L. Atamian in Support of Plaintiffs' Motion for Attorney Fees (Dkt. 622-2), annexed hereto as Exhibit 2, wherein we have indicated in Column [4] ("Discounted Fees Per 5/28/20 Order (Dkt. 649)") the billing periods to which the fifteen percent discount has been applied." Id.

In their opposition, Defendants state that while the original Plaintiff's Motion for Attorney's Fees (ECF No. 622) attached a declaration of Jean-Marie Atamian, no declaration or affidavit authenticates the revised Summary of Discounted Fees. ECF No. 651. Defendants allege that the summary is not up to standard and fails to show the court that a discount was taken as to briefing the alter ego claims. Id.

The Court finds that the revised exhibit of fees provides sufficient information to support Plaintiff's claims and that they complied with the Court's instruction that attorney's fees incurred while briefing Plaintiffs' alter ego claims are discounted by fifteen percent.[1] Even though the exhibit does not include a declaration or affidavit, the Court understands from Mr. Conlon's letter that the exhibits is authenticated and supports the matter in question because it is a "revised version of Exhibit 1 to the Declaration of Jean-Marie L. Atamian in Support of Plaintiffs' Motion for Attorney Fees (Dkt. 622-2)." ECF No. 650.

### b. Joint and Several Liability

Defendants state that the Proposed Order (ECF No. 650-2) adds improper additional language of "joint and several liability" that Plaintiffs had not previously requested, and that the Court has referred to. ECF No. 651. Defendants state that only a "pro rata" share of the judgment has been discussed. See, Jecklin Defendants Motion for Summary Judgment, at 5 (ECF No. 231) ("As a result, the Jecklin Defendants are entitled to summary judgment on the issue of damages such that any damages sought by Plaintiffs in this case must be reduced by the amount of the pro rata share of these three plaintiff entities"); Jecklin Defendants' [Proposed] Findings of Fact and

---

[1] The Court finds that the fifteen percent reduction is a fair and appropriate reduction based upon the Court's review of the record, including the relevant pleadings and the outcome of the briefing. This reduction recognizes the need for apportionment while still recognizing the quality and complexity of the legal arguments.

Conclusions of Law, at 26 (ECF No. 534) (Rule 30(b)(6) designee testified that plaintiffs were entitled only to a pro rata share of the New York judgment).

The Court finds that joint and several liability is appropriate with the instant judgment and supported by the record in this case. The Court found that Hans Jecklin, SLG, and JPC are legally alter egos of Seven Circle Gaming Company (SCGC) and can be held financially liable to Plaintiffs for debts incurred by SCGC. ECF No. 613. The Court made this finding previously and finds that the trial record and the Court's finding support the imposition of joint and several liability. As a result, they are each joint and severally liable for the total harm caused by all the defendants against Plaintiffs Invesco High Yield Fund, Invesco V.I. High Yield Fund, and Morgan Stanley Variable Insurance Fund, Inc. Core Plus Fixed Income Portfolio.

### c. Form of the Papers

Defendants assert that the Letter and Proposed Order does not comply with LR IA 10-1 (Form of Papers Generally) and LR IA 10-2 (Required Format for Filed Documents) and should be stricken. LR IA 10-1(d).

The Court finds that although Mr. Conlon's Letter and Proposed Order may not appear to strictly comply with LR IA 10-1 and LR IA 10-2, the Court exercises its discretion to not strike the documents as they are consistent with this Court's direction to counsel.

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs are awarded attorney's fees in the amount of $10,681,887.94, jointly and severally, against Defendants Hans Jecklin, SLG, and JPC.

**DATED**: March 31, 2021

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**